a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RANDY RASHAD THOMAS, Petitioner | CIVIL ACTION NO. 1:18-CV-1129-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Randy Rashad Thomas ("Thomas") (#41711-044). Thomas is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Thomas challenges the calculation of his sentence by the BOP.

Because Thomas has received all the credit to which he is legally entitled, his petition should be denied and dismissed.

I.  **Background**

According to the sentencing court, Thomas was sentenced to two years of probation by the Circuit Court of St. Louis in Docket Number 0922-CR0994-01. (Docket No. 4:14-CR-135, E.D. Mo., Doc. 132). In 2011, Thomas's probation was revoked and he was sentenced to seven years in the Missouri Department of Corrections on Count I and four years on Count II. In 2010, Thomas was sentenced to four years of imprisonment by the Circuit Court of St. Louis County in Docket Number 10SL-CR10335-01. (Docket No. 4:14-CR-135, E.D. Mo., Doc. 132).

On November 27, 2013, Thomas was granted parole by the State of Missouri. On March 5, 2014, Thomas committed the federal offense of possession of a firearm by a convicted felon. Thomas's parole was revoked on March 20, 2014. (Docket No. 4:14-CR-135, E.D. Mo., Doc. 132). The United States Marshals took temporary custody of Thomas pursuant to a writ of habeas corpus *ad prosequendum*. (Docket No. 4:14-CR-136, E.D. Mo., Docs. 6, 124).

Thomas's state sentences all expired while he was in "borrowed" federal custody pursuant to the writ. The sentence in Docket Number 10SL-CR10335-01 expired on January 24, 2015. Thomas's sentence on Count II of Docket Number 0922-CR0994-01 expired on July 26, 2015, and his sentence on Count I expired on March 14, 2016. (Docket No. 4:14-CR-136, E.D. Mo., Doc. 132; Docket No. 1:18-CV-1129, W.D. La., Doc. 1-3, pp. 2-3).

On October 25, 2016, Thomas was sentenced in the Eastern District of Missouri to a term of 54 months of imprisonment. (Docket No. 4:14-CR-136, E.D. Mo., Doc. 124). The original judgment did not specify whether the federal sentence was concurrent or consecutive to the state court sentences that Thomas had been serving when he committed the federal offense. Thereafter, the sentencing court amended the judgment to reflect its intent that Thomas's federal sentence run concurrently with "any state sentence in Docket Numbers 0922-CR0994-01 and 10SL-CR10335-01." ((Docket No. 4:14-CR-136, E.D. Mo., Doc. 134).

II.   Law and Analysis

The authority to grant or deny credit for time served is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. See U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 Fed. Appx. 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). The sentencing court issued an amended judgment clarifying that the federal sentence was to run concurrently with the state sentences.

However, by the time Thomas was sentenced in federal court, the state sentences had been discharged. Thus, there was no remaining state sentence to which the federal sentence could be concurrently run.

Thomas's sentence commenced on the date it was imposed. A court does not have the authority to order a federal sentence to run absolutely concurrently with a prior sentence. See Gotay-Aviles v. Maye, 472 F. App'x 273 (5th Cir. 2010) (citing United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)); Natividad v. Haro, 181 F. App'x 499, 500 (5th Cir. 2006) (later-imposed federal sentence ordered to run concurrently with an earlier federal sentence did not begin to run when petitioner was received in custody on the earlier sentence). That is, under 18 U.S.C. § 3585(a),

3

the earliest date a federal sentence may commence to run is the date it is imposed, even if it is to run concurrently with a previously imposed term of imprisonment. See Flores, 616 F.2d at 841. Therefore, the earliest date Thomas's sentence could have commenced was the date of imposition, October 25, 2016.

Title 18 U.S.C. § 3585 provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Because Thomas was serving state sentences until March 14, 2016, and his federal sentence had not yet been imposed, Thomas received credit toward his state sentences for that time in custody. Under § 3585(b), this time cannot also be credited toward his later imposed federal sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972).

Thomas received federal credit from March 15, 2016, through the date his federal sentence was imposed, October 25, 2016. This is all the pre-sentence credit to which Thomas is entitled. Since Thomas's state sentences were already expired at the time of federal sentencing, there was no state sentence to which the federal sentence could be concurrently run.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Thomas's § 2241 petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of October, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge